IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. ZACH,

                                                                    OPINION AND ORDER

              Plaintiff,

                                                                      13-cv-849-bbc

    v.

BRIAN BEAHM, BRIAN GREEN,
SANDY HEISER, ROBERT SCHENCK,
RANDY LEWIS, TROY HERMANS,
THOMPSON CORRECTION CENTER,
KAREN GOURLIE, TODD JOHNSON,
TOM GOZINSKE, WELCOME ROSE,
TIMOTHY LUNQUIST, ISMAEL OZANNE,
AMY SMITH, WISCONSIN DEPARTMENT
OF CORRECTIONS, JOHN DOE and JANE DOE,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Thomas Zach, a former prisoner at the Thompson Correctional Center, located in Deerfield, Wisconsin, has filed a proposed complaint against various Wisconsin Department of Corrections employees. Plaintiff seeks leave to proceed in forma pauperis with his claims, and the court has already concluded that plaintiff may proceed without prepayment of the $350 filing fee. The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In addressing any pro se litigant's complaint, the court

1

must read the allegations of the complaint generously. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010).

After considering plaintiff's allegations, I conclude that I cannot yet conduct the required screening because plaintiff's complaint violates Rule 20 of the Federal Rules of Civil Procedure by joining several claims together that do not belong in the same lawsuit. As to many of his claims, plaintiff does not provide enough facts to properly state a claim under Fed. R. Civ. P. 8. Accordingly, I will give him an opportunity to choose which claims he wishes to pursue and to submit an amended complaint that sets forth the basis for his retaliation claims in more detail.

The following facts are drawn from plaintiff's complaint.

ALLEGATIONS OF FACT

At the times relevant to this lawsuit, plaintiff Thomas Zach was confined at the Thompson Correction Center in Deerfield, Wisconsin. On December 27, 2008, plaintiff was walking to the west wing shower room to take a shower when defendant correctional officer Brian Beahm told him, "You have to wear socks outside your room." Plaintiff responded that he did not think there was such a rule. Beahm replied, "It's a rule I believe." Plaintiff went back to his room to consult the prison rule book, which confirmed plaintiff's understanding that there was no such rule.

At some time in the past, plaintiff had filed grievances against Beahm. Plaintiff believed that Beahm was trying to badger or harass him in retaliation for these past

grievances, and he states that he became "confused and physically ill from yet another act of harassment by [Beahm]." In order to avoid further harassment or receive a baseless disciplinary ticket, plaintiff chose not to shower or join other prisoners in the dining room. Instead, he stayed in his room until Beahm's shift was over.

On December 27, 2008 plaintiff filed an inmate grievance. Defendant institution complaint examiner Robert Schenck recommended dismissal of the complaint, stating that plaintiff provided no evidence to support his assertion that Beahm's actions were taken in retaliation for plaintiff's filing a grievance against him on October 31, 2008. Defendant Troy Hermans dismissed the grievance. On January 6, 2009, plaintiff appealed the dismissal. On January 13, defendant Tom Gozinske affirmed the dismissal.

On January 8, 2009, defendant Beahm issued plaintiff a baseless disciplinary ticket. Plaintiff believed this was an act of retaliation for the grievances he had filed against Beahm. Later that day, Beahm found plaintiff guilty of the offense even though Beahm had written the ticket. Plaintiff filed a grievance about this but it was rejected by defendant Schenck and the rejection was upheld by defendants Gozinske and Amy Smith.

On April 3, 2009, plaintiff was summoned to one of the prison vehicles. Defendant Beahm showed plaintiff that the seat belt was buckled in the empty driver's seat, which plaintiff does to remind other prisoners to use the seat belt. Beahm yelled at plaintiff and threatened him with a "warning." Plaintiff asked why what he did was wrong. Beahm became more confrontational and ultimately gave plaintiff a written warning. Plaintiff drafted a grievance about this incident, citing the continuous hostile attitude to which Beahm subjected plaintiff, and handed the grievance to defendant Schenck, who was sitting

3

at the officers' table in the dining room.

Later that day, defendant Randy Lewis placed plaintiff in temporary lockup and gave him a "Notice of Offender Placed in Temporary Lockup" signed by defendants Hermans and Lewis. The written reason for the punishment stated "Pending investigation for unauthorized forms of communication." Plaintiff remained in lockup (a form of segregation) for 12 days, but was never issued a conduct report. Plaintiff says that while he was in segregation, he "suffered from the effects of severe sleep deprivation, coupled with severe bouts of painful constipation, bed sores, low caloric intake, night terrors and the pain and suffering associated with being forced to sleep on a badly worn, mold infested one (1) inch thick in total density 'mattress.'" Plaintiff filed several grievances about the pain he suffered from the thin mattress and constipation, but never received a response. Defendant Lewis has referred to plaintiff as "litigious," a "legal beagle" and "law dog" on multiple occasions.

During his time in segregation, plaintiff received a rejection of his grievance from defendant Schenck. The stated reason for the rejection was that plaintiff filed it more than 14 days after the incident, but this is incorrect; plaintiff gave Schenck the grievance on April 17, the fourteenth day. On February 1, 2010, plaintiff submitted a request to Schenck asking him why he rejected his April 17, 2009 grievance as late. Schenck responded by saying that if plaintiff disagreed with the rejection, he should have filed an appeal.

On February 5, 2010, plaintiff handed a request for legal copies and disbursement of funds to defendant Schenck, who was "lounging with colleagues" in "officer control." Schenck told plaintiff to send his request to the business office, citing a memorandum from

Schenck and Hermans announcing a new inmate copying policy.  This change in the policy should not have been effective because under Department of Corrections regulations, such changes require 30 days' notice.  Plaintiff told Schenck that he "strongly disagree[d]" with the policy and that it was not yet effective under the regulations.  Schenck responded, "Mr. Zach, this is getting old.  If you want copies, you have to send your copy request to the business office like anyone else, our decision is final.  You're not special and you're not going to receive special treatment, try to remember that."

Plaintiff filed a grievance about the new policy.  Defendant Todd Johnson recommended dismissing the grievance. Defendant Hermans reviewed this recommendation and dismissed the grievance even though he was an author of the new policy.  Plaintiff's appeals were denied by defendants Gozinske and Ismael Ozanne.

On July 5, 2010, plaintiff submitted a request for 40 legal copies to the business office.  Staff member Peter Perry (a non-defendant who worked "under the authority" of defendants Schenck and Hermans) denied the request, stating "Mr. Zach, you must place the documents in a[n] envelope and send it to the business office."  On July 7, 2010, plaintiff submitted another request stating that the documents he wanted copied were originals that he could not risk losing in the mail.  He asked, "Could you please simply call me to the business office and I will gladly wait as you run them off?"  At some point following this request (plaintiff says that this occurred on July 25, but this date makes little sense given plaintiff's narrative), defendant Schenck responded to plaintiff's request, stating, "Submit in envelope and they will be returned the same way.  We do not offer on-demand

copy work."

On July 8, 2010, plaintiff filed a grievance about this incident, naming Schenck as one of the parties responsible for plaintiff's failure to obtain copies. Schenck rejected the grievance even though he was a named party. Plaintiff raised the conflict-of-interest issue in his appeals, but it did not keep defendants Hermans and Karen Gourlie from denying the appeals.

On September 15, 2010, plaintiff was called to "officer control, where defendant Brian Green handed plaintiff a severely damaged copy of a magazine that was addressed to plaintiff. Defendant Sandy Heiser was standing alongside Green. Plaintiff asked about the condition of the magazine and Green responded, "This is how it came in, Zach." Plaintiff asked whether the post office supplied documentation showing that it was accepting responsibility for the damage, to which Green responded "No." (Plaintiff believes that this is what the post office would have done if a postal employee had damaged it.) Green was evasive in answering plaintiff's question about which staff member had picked up the mail.

Plaintiff filed a grievance about the damage to his mail. Defendant Schenck recommended dismissing the complaint and defendant Hermans agreed to dismiss it. Plaintiff's appeals were denied by defendant Welcome Rose and defendant Timothy Lundquist.

Plaintiff believes that all the defendants are aware that he has been involved in litigating a state habeas corpus action and various inmate grievances. At one time or another, plaintiff has filed grievances against each of the named defendants.

OPINION

Plaintiff seems to be trying to combine in one suite claims regarding several different incidents taking place over a two-year period. The common thread tying them together is his belief that all of the defendants, led by defendants Beahm and Schenck, violated his rights by retaliating against him for litigating inmate grievances and a state habeas corpus action. However, he cannot proceed on any of them at this time.

First, he has not explained why he should be allowed to bring all of these claims together in one lawsuit. Fed. R. Civ. P. 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

For example, many of the incidents plaintiff discusses involve defendant Beahm and all of them appear to involve defendant Schenck, mostly in his capacity as a reviewer of plaintiff's grievances. However, the fact that Schenck reviewed many of plaintiff's grievances is not a sufficient reason to allow plaintiff to bring all of his claims in one lawsuit, when they concern unrelated constitutional violations.

At any rate, it is clear that plaintiff's claims cannot stand together at this point because his allegations of retaliation by Schenck (as well as the other defendants) are so vague that they fail to state a claim and thus cannot serve to connect his various underlying

7

claims together under Rule 20. To state a claim for retaliation under the First Amendment, a plaintiff must identify (1) the constitutionally protected activity in which he was engaged; (2) one or more retaliatory actions taken by the defendant that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) sufficient facts to make it plausible to infer that the plaintiff's protected activity was one of the reasons defendant took the action she did against him. Bridges v. Gilbert, 557 F.3d 541, 556 (7th Cir. 2009).

Plaintiff's allegations supporting the third prong of this analysis are so thin that he does not state plausible claims for retaliation. Plaintiff suggests that all of the defendants are aware that he has litigated a state habeas proceeding and inmate grievances, but his allegations are too vague. He has failed to provide "a short and plain statement of the claim showing that [he] is entitled to relief," as required by Fed. R . Civ. P. 8. This means that plaintiff must do something more than "put[ ] a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010). Rather, he must provide sufficient detail "to present a story that holds together." Id. at 404. At this point, most of plaintiff's allegations of retaliation rely purely on plaintiff's speculation that defendants acted the way they did because of his habeas corpus action or inmate grievances. He suggests that defendants took the alleged retaliatory actions *after* he filed certain grievances, but he does not describe when he filed those grievances or who the subjects were.

Therefore, I conclude that plaintiff's complaint should be dismissed and he should be

8

given a chance to file an amended complaint fixing the problems I have noted. Reading his allegations, I see the following possible separate lawsuits (I take no position on the relative merit of any of these lawsuits at this point):

> (1) Defendant Beahm retaliated against plaintiff on several occasions by harassing him, including giving him at least one baseless disciplinary ticket.
>
> (2) Defendants Hermans and Lewis placed plaintiff in temporary lockup, where he suffered substandard conditions of confinement.
>
> (3) Defendant Schenck would not accept plaintiff's request for legal copies and disbursement of funds on one occasion, and on another day would not allow plaintiff to have copies made while plaintiff waited.
>
> (4) Defendant Green damaged plaintiff's mail.

Before I can screen the merits of any of his claims, plaintiff will have to respond to this order, explaining how he would like to address the problems I have identified in his allegations. <u>His main choice will be to choose *one* of the numbered groups of claims to pursue in this lawsuit.</u> Plaintiff may choose to proceed on any of the lawsuits he does not pick to pursue under this case number by telling the court that he would like to have his other claims brought in separate lawsuits, but he will owe another $350 filing fee for each case he wants to pursue.

In addition, I understand that in each of these numbered lawsuits, plaintiff is attempting to bring retaliation claims against defendant Schenck and others. No matter which lawsuit or lawsuits he wishes to pursue, he will have to submit an amended complaint for each lawsuit he wishes to continue, providing more explanation regarding his retaliation claims, in particular more detailed allegations explaining how he knows that each defendant

9

meant to retaliate against him.

ORDER

IT IS ORDERED that

1. Plaintiff Thomas Zach's complaint is dismissed under Fed. R. Civ. P. 8 and 20.

2. Plaintiff may have until March 27, 2014, to identify for the court which of the above-numbered lawsuits he wishes to pursue under this case number. Plaintiff must pick one and only one of these lawsuits to proceed under this case number.

2. Plaintiff may have until March 27, 2014, to advise the court whether he wishes to pursue any of the lawsuits he does not pick to continue under this case number.

3. For any lawsuit plaintiff wishes to continue, he must submit an amended complaint that more fully explains the basis for his claims.

4. For each lawsuit plaintiff chooses to pursue, he will owe a separate $350 filing fee. For any lawsuit that plaintiff dismisses voluntarily at this time, he will not owe a filing fee.

5. If plaintiff fails to respond to this order by March 27, 2014, I will enter an order dismissing the case for plaintiff's failure to prosecute it.

Entered this 13th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge