IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. ZACH,

                ORDER

      Plaintiff,

               13-cv-849-bbc

  v.

BRIAN BEAHM, BRIAN GREEN,
SANDY HEISER, ROBERT SCHENCK,
RANDY LEWIS, TROY HERMANS,
THOMPSON CORRECTION CENTER,
KAREN GOURLIE, TODD JOHNSON,
TOM GOZINSKE, WELCOME ROSE,
TIMOTHY LUNQUIST, ISMAEL OZANNE,
AMY SMITH, WISCONSIN DEPARTMENT
OF CORRECTIONS, JOHN DOE and JANE DOE,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  In this case, plaintiff Thomas Zach, a former prisoner at the Thompson Correctional Center, filed a proposed complaint against various Wisconsin Department of Corrections employees. In a March 13, 2014 order, I dismissed plaintiff's complaint because it violated Federal Rule of Civil Procedure 20 by joining several claims together that did not belong in the same lawsuit, and because many of the allegations violated Federal Rule of Civil Procedure 8 because they were too vague to give defendants a fair understanding of plaintiff's claims. I gave plaintiff a chance to respond to the order, explaining which of the four separate lawsuits he wished to pursue under this case number and stating whether he

1

wished to pursue any of the other three lawsuits under separate case numbers. Further, I directed him to provide amended complaints for any case he wished to continue to pursue, providing allegations that properly put defendants on notice of the claims he wished to bring against them, particularly his claims that all of the defendants meant to retaliate against him.

Now plaintiff has responded to the March 13, 2014 order, stating that he wishes to pursue the lawsuit I identified as Lawsuit #2 in the order (containing claims that defendants Troy Hermans and Randy Lewis placed plaintiff in temporary lockup, where he suffered substandard conditions of confinement) and that he would like to "pursue [his] other claims brought in separate lawsuits," but he has not submitted an amended complaint in any of the four separate lawsuits clarifying the nature of his claims. Rather, he requests a 90-day extension of time to submit his amended complaints, stating that he has "little to no resources and [is] not formally trained in federal law."

I will give plaintiff an extension of time to submit his amended complaint for Lawsuit #2 (and any of the other cases he wishes to pursue) but I will not allow him the 90 days he requests. A stay of ninety days is unfair to the potential defendants in this case, who deserve to know whether they will be sued and for what alleged wrongs. Like any other litigant, plaintiff must decide how to marshal his resources. Accordingly, I will give him until April 21, 2014 to submit his amended complaint for Lawsuit #2 and any of the other three separate lawsuits he wishes to pursue under new case numbers. When deciding how many other cases he wishes to pursue, plaintiff should keep in mind the facts that he has two cases pending in addition to these one and his limited resources.

ORDER

IT IS ORDERED that plaintiff Thomas Zach may have until April 21, 2014 to submit amended complaints for the allegations described above as "Lawsuit #2" and any of the other numbered lawsuits arising from his original complaint that he wishes to pursue. If plaintiff fails to respond to this order by April 21, 2014, I will enter an order dismissing this case for plaintiff's failure to prosecute it.

Entered this 31st day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge