IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. ZACH,

        Plaintiff,

v.

RANDY LEWIS, *et al.*,

        Defendants.

ORDER

13-cv-849-jdp

---

Plaintiff Thomas Zach, a former inmate with the Wisconsin Department of Corrections, proceeds *in forma pauperis* in this case on his claim that defendants Hermans and Lewis violated his First and Eighth Amendment rights by placing him in a cell with substandard conditions for filing a grievance, and that John Doe prison officials violated his Eighth Amendment rights by ignoring plaintiff's requests for medical treatment. Now before the court are plaintiff's motions for "appointment of counsel" and for an extension of time to prepare interrogatories to ascertain the identities of the Doe defendants. *See* dkts. 11, 12, 15 and 19.

Turning first to plaintiff's request for an extension of time to prepare interrogatories to identify the Doe defendants, this request will be granted. Plaintiff has persuasively shown that he is essentially incapacitated until after his August 11, 2014 neck surgery to correct a bulging C7 disc, which causes him great pain and limits his physical capabilities. Despite defendants' objections, there is enough time in the schedule to accommodate plaintiff's request. Accordingly, plaintiff may have until September 12, 2014 to complete service of his discovery requests aimed at identifying the Doe defendants. Plaintiff's amended complaint naming the Doe defendants is due October 27, 2014, and the now-identified Doe defendants shall file their answer no later than November 17, 2014. In addition, the deadline to file a summary judgment motion alleging

failure to exhaust administrative remedies is extended to November 17, 2014. All other deadlines set forth in the pretrial conference order remain as previously scheduled.

As for plaintiff's requests for appointment of counsel, plaintiff should be aware that civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g., Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The court may, however, exercise its discretion in determining whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono publico*."); *Luttrell*, 129 F.3d at 936. Thus, the court cannot issue an order appointing counsel to assist plaintiff, it merely has the discretion to recruit a volunteer in an appropriate case.

In deciding whether to assist plaintiff, I must first find that he has made a reasonable effort to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such an effort. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made a reasonable effort to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers that he asked to represent him on the issues on which he has been allowed to proceed and who turned him down. Plaintiff has met this requirement.

However, plaintiff's request for assistance in finding an attorney comes too early for the court to grant it. As a starting point, this court would recruit a lawyer for almost every pro se plaintiff if lawyers were available to take these cases. But they are not. Most lawyers do not have the time, the background or the desire to represent pro se plaintiffs in a pro bono capacity,

and this court cannot make them. So the court only recruits counsel in cases where there is a demonstrated need, using the appropriate legal test.

The test for determining whether to recruit counsel is two-fold: "[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). In other words, given the complexity of the case, does plaintiff appear to be competent to try this case on his own? *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010) (citing *Pruitt*, 503 F.3d at 654).

In his motions, plaintiff says he is indigent, has limited knowledge of the law and requires has the assistance of a lawyer because he will be having neck surgery on August 11, 2014. The court is sympathetic to plaintiff's physical pain, but there is no indication that plaintiff will not return to full health following his surgery or that he will otherwise be unable to prosecute this case at that time. So far, plaintiff's filings have been well written and appropriately directed. Plaintiff has demonstrated his ability to follow court instructions and has been provided with this court's pretrial conference order, which contains instructions relating to discovery, filing and opposing dispositive motions and calling witnesses, which was written for the very purpose of helping pro se litigants understand how these matters work. Plaintiff has personal knowledge of the circumstances surrounding the lawsuit and he should already possess or be able to obtain through discovery relevant documentation he needs to prove his claim.

Although plaintiff is concerned with his ability to represent himself, he has done an adequate job at this early stage of the proceedings. Plaintiff may renew his motion if circumstances change and it becomes clear that this case exceeds his capacity as a layperson to

litigate it. Plaintiff should bear in mind, however, that this court receives many more requests for lawyers than the small pool of available volunteer lawyers can serve. Because of this, only those cases presenting exceptional circumstances can be considered for court assistance in recruiting a volunteer. Any future requests for court assistance in locating a volunteer must include specific details showing why he is unable to continue litigating effectively on his own behalf.

ORDER

It is ORDERED that:

(1) Plaintiff Thomas Zach's motions for recruitment of counsel, dkts. 11, 12 and 15, are DENIED without prejudice.

(2) Plaintiff's motion for an extension of time to prepare interrogatories, dkt. 19, is GRANTED and the deadlines are extended as set forth in this order.

Entered this 1st day of August, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge