IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. ZACH,

               Plaintiff,                            ORDER

    v.

                                                13-cv-849-jdp

RANDY LEWIS, *et al.*,

               Defendants.

---

In this case, plaintiff Thomas Zach is proceeding on claims that defendants Troy Hermans and Randy Lewis violated his First and Eighth Amendment rights by placing him in a cell with substandard conditions in retaliation for filing a grievance, and that John Doe prison officials violated his Eighth Amendment rights by ignoring plaintiff's requests for medical treatment. In an August 1, 2014 order, dkt. 22, I denied plaintiff's motions to recruit a volunteer attorney to represent him and extended his deadline to prepare interrogatories to ascertain the identities of the John Doe defendants. Plaintiff has moved for reconsideration of these denials and seeks to further extend his deadlines to discover the identities of the Doe defendants. Dkt. 23 and 24.

In this court's August 1 order, I noted that plaintiff was about to undergo neck surgery and was understandably not immediately in the position to litigate the action, but that it did not appear that the complexity of the case was too much for plaintiff given his circumstances:

> The court is sympathetic to plaintiff's physical pain, but there is no indication that plaintiff will not return to full health following his surgery or that he will otherwise be unable to prosecute this case at that time. So far, plaintiff's filings have been well written and appropriately directed. Plaintiff has demonstrated his ability to follow court instructions and has been provided with this court's pretrial conference order, which contains instructions relating to discovery, filing and opposing dispositive motions and calling witnesses, which was written for the very purpose of helping pro se

> litigants understand how these matters work. Plaintiff has personal
> knowledge of the circumstances surrounding the lawsuit and he
> should already possess or be able to obtain through discovery
> relevant documentation he needs to prove his claim.

Dkt. 22 at 3. Plaintiff's motions regarding recruitment of counsel and requesting more time to name the Doe defendants both largely focus on plaintiff's health. A pre-surgery letter from a nurse practitioner stated that plaintiff "will have restrictions in his activities to some degree until 3 months postop. Will be unable to drive for 3-4 weeks after surgery." Dkt. 23, Exh. 2. Plaintiff's post-surgery motion states that he was in a car accident, and that his attorney handing matters related to the accident would be "processing a confirmation with the Court, regarding [his] accident and those injuries sustained on August 20, 2014." Months have passed, but this information has not been submitted to the court. Further, there is no indication that plaintiff ever attempted to serve defendants with interrogatories regarding the Doe defendants. In the meantime, defendants have filed a motion for summary judgment, and plaintiff's response deadline currently set at March 2, 2015.

In the absence of new information, the court has no reason to reconsider its previous decisions on counsel or the deadline on the Doe defendants. Therefore, I am denying all of plaintiff's pending motions without prejudice. According to the pre-surgery prediction from plaintiff's nurse practitioner, plaintiff should be relatively unrestricted by this point, but given the unique circumstances regarding his surgery and following car accident, I will give him a short time to respond to this order. If plaintiff wishes to renew his motions for counsel and request for a new, final, deadline to identify the Doe defendants, then he may do so, but to prevail he will have to provide up-to-date information about his physical condition that is corroborated by

documentation from his health care providers and he will have to detail the efforts he has taken to litigate the case over the last several months.

At this point, I will leave the March 2 summary judgment response deadline in place, and plaintiff should work on completing that response, referring to the summary judgment procedures attached to the court's July 11, 2014 preliminary pretrial conference order.

ORDER

It is ORDERED that:

(1)   Plaintiff Thomas Zach's motions for reconsideration of the court's August 1, 2014 order, dkt. 23, and for a further extension of time to identify the Doe defendants, dkt. 24, are DENIED.

(2)   Plaintiff may have until February 20, 2015, to respond to this order as explained above.

Entered this 6th day of February, 2015.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge