IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. ZACH,

                Plaintiff,

v.

RANDY LEWIS, TROY HERMANS,
WAYNE OLSON, JOHN DOE and JANE DOE,

                Defendants.

ORDER

13-cv-849-jdp

---

    Plaintiff Thomas Zach, a former prisoner at the Thompson Correctional Center, is proceeding on claims that defendants Hermans and Lewis violated plaintiff's First and Eighth Amendment rights by placing him in a cell with substandard conditions in retaliation for filing a grievance, and that John Doe prison officials denied plaintiff adequate medical treatment while plaintiff was in temporary lockup. In a March 20, 2015 order, the court granted plaintiff's motion for the court's assistance in recruiting counsel to represent him and stayed the proceedings. Dkt. 35.

    The court has successfully located counsel for plaintiff. S. Edward Sarskas, Joseph D. Brydges, and Serene R. Sahar of the law firm Michael Best & Friedrich LLP have agreed to represent plaintiff, with the understanding that they will serve with no guarantee of compensation for their services. It is this court's intention that the scope of these attorneys' representation extends to proceedings in this court only.[1]

    Plaintiff should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with his lawyers and must permit them to exercise their professional judgment to determine which

---

[1] "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a notice of appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.

matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept the strategic decisions made by his lawyers even if he disagrees with some of them. If plaintiff decides at some point not to work with these lawyers, he is free to end the representation, but plaintiff should be aware that it is unlikely that the court will recruit a second set of lawyers to represent him. As stated in the March 20 order, a preliminary pretrial conference will be scheduled, at which time a schedule for the remainder of the case will be set.

## ORDER

IT IS ORDERED that the clerk of court is directed to set a preliminary pretrial conference before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings in this lawsuit.

Entered August 13, 2015.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge